**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANSON CONSTRUCTION COMPANY, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF LABOR, <br><br> Respondent. | No. 17-71736 <br><br> LABR No. 14-0816 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Labor

Submitted October 10, 2018[**]
Seattle, Washington

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Petitioner Manson Construction Company ("Manson") petitions for review

of an order of the Occupational Safety and Health Review Commission

("Commission") concluding that Manson committed violations of 29 C.F.R.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§§ 1926.501(b)(1) and 1926.1431(b)(1). We have jurisdiction to hear the petition pursuant to 29 U.S.C. § 660(a), and "we review the Commission's findings for substantial evidence." *R. Williams Constr. Co. v. Occupational Safety & Health Review Comm'n*, 464 F.3d 1060, 1063 (9th Cir. 2006); *see also* 29 U.S.C. § 660(a). We deny the petition for review.[1]

1.      Manson does not dispute that its employee on top of the dolphin was not wearing fall protection and was working over six feet above the water, in violation of 29 C.F.R. § 1926.501(b)(1), but alleges it was infeasible to implement fall protection. Generally, an employer alleging infeasibility must show that: (1) the means of compliance prescribed by the standard are technologically or economically infeasible because the standard's implementation or necessary work operations would be infeasible; and (2) an alternative protective measure was used or there was no feasible alternative measure. *See* V.I.P. Structures, Inc., 16 BNA OSHC 1873 (No. 91-1167, 1994). Here, Manson must show that it would have been infeasible to employ "the use of guardrail systems, safety net systems, or personal fall arrest systems." *See* 29 C.F.R § 1926.501(b)(1). Substantial evidence supports the Commission's determination that: (1) Manson failed to address why the use of guardrail systems or safety net systems would have been infeasible; and

---

[1]    As the parties are familiar with the facts, we do not recount them here.

(2) Manson failed to show that it had implemented alternative protective methods, or that there were no feasible alternative means available. The Commission thus did not err by determining that Manson failed to prove its affirmative defense.

2. Manson does not dispute that it failed to guard one side of its jilly lift, in violation of 29 C.F.R. § 1926.1431(b)(1), but alleges that compliance with the standard was infeasible. Manson also does not dispute that it would have been physically possible to install a fourth guardrail. Instead, Manson contends that a fourth guardrail would block its employees from adequately accessing the dolphin and would create the hazard of pinch points. However, substantial evidence supports the Commission's conclusion that: (1) Manson failed to explain why it could not use a detachable guardrail on its jilly lift while the platform was being used to hoist or move Manson's employees; and (2) Manson failed to show that it had implemented alternative protective methods, or that there were no feasible alternative means of doing so. The Commission thus did not err by concluding that Manson failed to prove the infeasibility of compliance with 29 C.F.R. § 1926.1431(b)(1).

3. Manson failed to articulate the greater hazard defense and therefore waived any argument that compliance with 29 C.F.R. §§ 1926.501(b)(1) and 1926.1431(b)(1) would have created a greater hazard. *See Smith v. Marsh*, 194

3

F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

**PETITION DENIED.**